FILED ___ LODGED
___ RECEIVED ___ COPY

JUL 21 2010

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

___ FILED ___ LODGED
___ RECEIVED ___ COPY

OCT 1 8 2010

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

DENNIS K. BURKE
United States Attorney
District of Arizona

JONELL L. LUCCA
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Arizona State Bar No. 021543
Telephone (602) 514-7500
jonell.lucca@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | CR 10-1031 PHX ROS |
|---|---|
| Plaintiff, | Magistrate No. 10-6349M-DKD |
| v. | PLEA AGREEMENT |
| Fabian Chavez-Carranza, | |
| Defendant. | |

Plaintiff, United States of America, and the defendant, FABIAN CHAVEZ-CARRANZA, hereby agree to dispose of this matter on the following terms and conditions:

1. **PLEA**

The Defendant will plead guilty to Count 1 of the Information, which charges the Defendant with a violation of Illegal Alien in Possession of a Firearm; Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(2), a Class C felony offense. The Defendant agrees to forfeit the firearm he possessed.

2. **MAXIMUM PENALTIES**

a.  A violation of 18 U.S.C. § 922(g)(5)(A) and 924(a)(2) Alien in Possession of a Firearm, is punishable by a maximum fine of $250,000.00, a maximum term of imprisonment of ten (10) years, or both, and a term of supervised release of up to three (3) years.

b.  According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

SCANNED

        (1)    make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

        (2)    pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

        (3)    serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

        (4)    pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013(a)(2)(A).

    c.    The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

    d.    Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he either is a recent naturalized United States citizen or is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his status in the United States. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

**3.**    **AGREEMENTS REGARDING SENTENCING**

    a.    <u>Acceptance of Responsibility.</u>  If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level

reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will recommend an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

   b. <u>Stipulation.</u> In determining sentence in this case, pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties stipulate that the defendant did not use or possess any firearm or ammunition in connection with another felony offense pursuant to U.S.S.G § 2K2.1(b)(6).

**4. <u>AGREEMENT TO DISMISS OR NOT TO PROSECUTE</u>**

   a. This office shall not prosecute the defendant for any narcotics trafficking or money laundering offenses committed by the defendant, and known by the United States, which occurred between March 2010 and June 2010.

   b. This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

**5. <u>COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION</u>**

   If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

   If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

## 6. WAIVER OF DEFENSES AND APPEAL RIGHTS

Providing the defendant's sentence is consistent with this agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 and motions under 28 U.S.C. §§ 2241 and 2255. The defendant acknowledges that if the Court has sentenced the defendant according to the terms of this agreement, this waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case.

## 7. DISCLOSURE OF INFORMATION

a. The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b. Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c. The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1) criminal convictions, history of drug abuse, and mental illness; and

(2) financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

8. **FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

   a. Defendant consents to the forfeiture of one (1) Dan Wesson Arms .357 Magnum revolver, serial number 375654 and ammunition (hereinafter referred to as "Specified Property").

   b. Defendant acknowledges that the Specified Property is subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) as it was involved in or used in a knowing violation of 18 U.S.C.§ 922(g).

   c. Defendant states that he is the sole and rightful owner of the Specified Property and that to the best of his knowledge no one else has any ownership or other interest in the property. In the event any federal, state, or local law enforcement agency having custody of the property decides not to pursue forfeiture of the property due to its minimal value, the defendant hereby abandons any interest he has in such property and consents to the destruction or any other disposition of the property by the federal, state or local agency without further notice or obligation whatsoever owing to the defendant.

   d. Defendant understands that the appropriate law enforcement agency will dispose of the Specified Property in accordance with law, including by destruction.

   e. Defendant agrees to fully assist the government in the forfeiture of the Specified Property and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to, surrendering title and executing any documents necessary to transfer the defendant's interest in any of the Specified Property to the United States, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture.

   f. Defendant consents to the entry of a preliminary order of forfeiture of the Specified Property prior to sentencing and a final order of forfeiture of the Specified Property at sentencing and judgment. At the time of the entry of the court's judgment, any preliminary order of forfeiture shall automatically be made final and be incorporated into the sentence and judgment.

1       g.      Defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure, storage, forfeiture and/or disposal of property covered by this agreement.

        h.      Defendant knowingly and voluntarily waives any right, challenge, defense, argument, and/or claim arising under (i) the U.S. Constitution, including without limitation the clauses thereof relating to due process, excessive fine, excessive punishment, double jeopardy, and/or trial by jury; (ii) any statutory provision, including without limitation any provision in the Civil Asset Forfeiture Reform Act of 2000 or any statute of limitations, and/or relating to trial by jury, service of process, notice to the defendant or the defendant's attorney or other agent (whether in the charging instrument, during the plea colloquy, at sentencing, or at any other time or in any other document), and/or any other process or proceeding; (iii) any rule of practice or procedure, including without limitation Fed. R. Crim. P. 7(c)(2), 11(b)(1)(J), and 32.2; and/or (iv) any principle of equity. Such waivers shall apply irrespective of whether the right, challenge, defense, argument and/or claim at issue is brought or asserted through motion, appeal, habeas corpus proceeding, or any other means.

        i.      Defendant further waives, and agrees to the tolling of, any rule or provision of law limiting the time for commencing, or providing notice of, any administrative or judicial forfeiture proceeding with respect to the Property, including, but not limited to, such limitations contained in 18 U.S.C. § 924(d)(1) and 19 U.S.C. § 1621.

        j.      Any criminal, civil or administrative forfeiture of the defendant's right, title, and interest in any property shall not now or in the future be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty that the court may impose upon the defendant in addition to forfeiture.

        k.      Nothing in this agreement shall prevent the United States from instituting civil judicial or administrative forfeiture proceedings against any additional forfeitable assets in which the defendant has an interest.

        l.      Defendant agrees not to file a claim or assist others in filing a claim to any

of the Specified Property in any criminal or civil proceeding, administrative or judicial, which may be initiated and agrees to abandon any claims already made in such proceedings.

    m.    Defendant understands and agrees that, by virtue of his plea of guilty, Defendant will waive any rights or cause of action that Defendant might otherwise have had to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related civil forfeiture proceeding.

## 9. ELEMENTS

### Illegal Alien in Possession of a Firearm

First, the Defendant knowingly possessed a firearm in the District of Arizona; and

Second, the firearm had previously been shipped or transported in interstate or foreign commerce;

Third, at the time the Defendant possessed the firearm he was an alien who was illegally and unlawfully in the United States.

## 10. FACTUAL BASIS

The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

On June 23, 2010, Drug Enforcement Administration agents executed a search warrant at the Defendant's residence located at 16073 W. Woodlands Avenue, Goodyear, Arizona. Defendant was at the residence at the time of the search warrant execution. In his master bedroom closet, the defendant possessed one Dan Wesson Arms .357 Magnum revolver and ammunition. That firearm had been transported in interstate commerce. Defendant owned the firearm and knew it was in his closet as he purchased it "on the street" some time ago. Defendant was an alien in the United States illegally after his Visa to enter the United States had expired and he remained in the United States. He had not received permission from the Secretary of the Department of Homeland Security to stay in the United States.

Additionally, defendant agrees to forfeit one Dan Wesson Arms .357 Magnum revolver, serial no. 375654 and ammunition.

The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material

inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

### APPROVAL AND ACCEPTANCE OF THE DEFENDANT

This agreement has been read to me in Spanish, and I have carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any

such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

7/14/10
Date

Fabian Chavez Carranza
FABIAN CHAVEZ-CARRANZA
Defendant

### APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

I translated or had translated this agreement from English into Spanish to the defendant on the __14__ day of __July__, 20_10_.

__7/14/2010__
Date

_____
GREGORY BARTOLOMEI
Attorney for Defendant

## APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

DENNIS K. BURKE
United States Attorney
District of Arizona

__7/21/10__
Date

_____
JONELL L. LUCCA
Assistant U.S. Attorney

## ACCEPTANCE BY THE COURT

__10/18/10__
Date

_____
THE HONORABLE
United States District Judge